IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL DAVITT,

    Petitioner,

v.    No. 2:17-cv-00539 MV/SMV

U.S. ATTORNEY,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Michael Davitt's habeas corpus petition under 28 U.S.C. § 2241 (Doc. 1). Petitioner, who appears *pro se,* challenges his continued detention without bond and asserts that his counsel refuses to follow direction. Petitioner also seeks leave to proceed *in forma pauperis* (Doc. 2). After reviewing the petition *sua sponte* under Habeas Corpus Rule 4(b), the Court concludes it must be dismissed.

On January 10, 2017, Petitioner was charged with assaulting and threatening a federal official in violation of 18 U.S.C. §§ 111(a)(1) and 115(a)(1)(B). (CR Doc. 1 in 17-cr-00480).[1] He was arrested in Las Vegas, Nevada 10 days later. (CR Doc. 3). On February 13, 2017, the Nevada District Court denied bond. (CR Doc. 5). Within the next week this Court (Hon. Stephan Vidmar) appointed a public defender, advised Petitioner of his rights, and inquired as to any medical/mental health issues. (CR Docs. 8, 11). Petitioner was urged to notify the Court if his medical needs were not being met. (CR Doc. 11). The Court did not disturb the Nevada District Court's detention order. (CR Docs. 8, 11).

Jane Greek was appointed as Petitioner's counsel on or about February 14, 2017. (CR.

---

[1] All further references to "CR Doc." are to documents filed in the criminal case, 17-cr-00480.

Doc. 12). She withdrew four days later due to a conflict. (CR. Docs. 12, 13). Mr. Richard Jewkes was then appointed. (CR. Doc. 14). Mr. Jewkes filed motions to continue the April 6, 2017 trial and for a psychiatric exam to determine whether Petitioner is competent to stand trial. (CR. Docs. 16, 21). The Court granted both motions, scheduling the new trial for June 13, 2017. (CR. Docs. 19, 22).

On April 13, 2017, Mr. Jewkes sought to withdraw as counsel. (CR Doc. 23). The motion recites that Petitioner refused to participate in the psychiatric exam, refused to communicate with counsel, and urged counsel to file a frivolous pretrial motion. *Id.* By an order entered April 17, 2017, the Court permitted Mr. Jewkes to withdraw. (CR Doc. 24). Margaret Strickland was appointed as replacement counsel. (CR Doc. 25).

Petitioner filed the § 2241 action on May 8, 2017. He asserts: (1) the Court failed to set a reasonable bond; (2) he was never informed of the charges against him; (3) he was denied an opportunity to enter his plea; and (4) he has not consented to Judge Vidmar presiding over the trial. Petitioner also complains his attorney refused to: (1) file a motion to vacate the order granting a continuance to ensure a speedy trial; (2) file a habeas corpus petition; (3) seek a psychiatric evaluation; and (4) withdraw from representation.

The record reflects the Court informed Petitioner of all pending charges on February 17, 2017, at which time Petitioner pled "not guilty." (CR. Doc. 10, 11). Petitioner's assertions to the contrary are frivolous and do not form the basis for relief under § 2241. *See* 28 U.S.C. § 1915(e)(2) (courts may *sua sponte* dismiss an *in forma pauperis* complaint "at any time if ... the action ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted"); *Graham v. Kaiser*, 930 F.2d 33 (10th Cir. 1991) (unpublished) (noting that the court may pierce the veil of the allegations and dismiss an *in forma pauperis* complaint where the petitioner's

2

contentions are "belied by the record").

The remaining claims are not ripe for review in a habeas proceeding because Petitioner has not raised them in the pending criminal matter. *See Hall v. Pratt,* 97 F. App'x 246, 247 (10th Cir. 2004) (unpublished) (noting that the Court "may raise the issue of exhaustion sua sponte"). As the Tenth Circuit Court of Appeals has explained:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. *See Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir.1988); *United States v. Pipito,* 861 F.2d 1006, 1009 (7th Cir.1987); *Moore v. United States,* 875 F.Supp. 620, 623 (D.Neb.1994). The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."

*Id.* at 247-48. *See also Chandler v. Pratt,* 96 F. App'x 661, 662 (10th Cir. 2004) (unpublished) (affirming the dismissal of a pretrial detainee's habeas petition because "all the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action"). Thus, any defense Petitioner "has to the criminal charges against him and any challenges he has to his prosecution can and must initially be raised in the criminal matter," and then in an appeal to the extent allowed by law. *Hicks v. United States,* 2009 WL 1938976, * 2 (D. Kan. 2009) (unpublished).

Petitioner has not requested new counsel, filed a motion to revoke the detention order pursuant to 18 U.S.C. § 3145, or indicated whether he consents to Judge Vidmar presiding over the trial. The Court notes that any issues relating to counsel may be moot, as it appears Petitioner drafted the complaint before realizing Mr. Jewkes had withdrawn. In any event, Petitioner must exhaust his available remedies in the criminal action before he is entitled to relief in a habeas action.

For the foregoing reasons, Petitioner's § 2241 petition will be dismissed. Pursuant to

Habeas Corpus Rules 1(b) and 11, the Court determines Petitioner has failed to make a substantial showing that he has been denied a constitutional right. Consequently, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED without prejudice; a certificate of appealability is DENIED; and judgment will be entered.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is DENIED as moot.

                                              _____
                                              UNITED STATES DISTRICT JUDGE